

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2005

# Flear v. Glacier Garlock

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2994

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Flear v. Glacier Garlock" (2005). *2005 Decisions.* Paper 102.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/102

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2994

_____

JOHN FLEAR,

Appellant

v.

GLACIER GARLOCK BEARINGS,
a division of ENPRO INDUSTRIES, INC.

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cv-04238 )
District Judge: Honorable Freda L. Wolfson

_____

Argued on June 28, 2005

Before: ROTH, RENDELL and BARRY, Circuit Judges

(Opinion filed: December 16, 2005)

Bruce L. Harrison, Esquire (Argued
Capehart & Scatchard
8000 Midlantic Drive
Laurel Corporate Center, Suite 300
Mount Laurel, NJ 08054

Counsel for Appellee

Alan B. Epstein, Esquire (Argued)
Michael S. Friedman, Esquire
Nancy Abrams, Esquire
Spector, Gadon & Rosen
1635 Market Street
Seven Penn Center, 7th Floor
Philadelphia, PA 19103

        Counsel for Appellant

---

O P I N I O N

---

**ROTH**, Circuit Judge:

John Flear appeals the District Court's grant of summary judgment against him. Flear brought suit, alleging that the termination of his employment with Defendant Glacier Garlock Bearings violated the New Jersey Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 *et seq*. For the reasons stated below, we will affirm the judgment of the District Court.

## I.    Jurisdiction and Standard of Review

The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over the District Court's grant of summary judgment. Doe v. Cty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001). A grant of summary judgment is appropriate where the moving party has established that there is no genuine dispute of material fact and "the moving party is entitled to judgment as a matter of law."

2

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). On a motion for summary judgment, we must view the facts in the light most favorable to the non-moving party and must make all reasonable inferences in that party's favor. See Marzano v. Computer Sci. Corp., 91 F.3d 497, 501 (3d Cir. 1996).

## II.     Summary Judgment

As the facts of this case are thoroughly described in the District Court's opinion, we will only briefly summarize them here. Flear was Garlock's environmental, safety and health (EHS) engineer from 1994 to 2001, when he was terminated. During his years at Garlock, Flear submitted numerous reports and notices to his supervisors that demonstrated his concerns over various EHS compliance issues at Garlock. In 2001, Flear filed a complaint with the Occupational Safety and Health Administration (OSHA) regarding some of these issues. Ultimately, after a strained relationship with his employer over Flear's complaints and performance problems by Flear in his job responsibilities, Flear was terminated. Flear then brought this suit, claiming that he was terminated in retaliation for his complaints regarding EHS compliance, in violation of CEPA. Garlock argues that Flear was terminated due to his poor work performance.

In order to establish a prima facie case under CEPA, an employee must establish that (1) he reasonably believed that his employer's conduct was violating the law, (2) he performed "whistle-blowing" activity as defined in the statute, (3) an adverse employment action was taken against him, and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action. Blackburn v. United Parcel

3

Service, Inc., 179 F.3d 81, 92 (3d Cir. 1999).  With respect to the first prong of this test, the employee must show that the evidence supports an objectively reasonable belief that a violation has occurred.  Dzwonar v. McDevitt, 828 A.2d 893, 901 (N.J. 2003).

If an employee can establish a prima facie case, the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for the termination.  Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997).  If the employer can make such a showing, then the employee must establish that the proffered reason is pretextual and that retaliation for whistle-blowing was the real reason for termination.  Blackburn, 179 F.3d at 92.

### A.    Prima Facie Case

Flear fails to satisfy his burden of demonstrating that there is an issue of material fact as to his prima facie case.  We agree with the District Court that Flear fails to show that he can satisfy the first and fourth prongs of his prima facie case.

In order to show that he had an objectively reasonable belief that Garlock had violated the law, Flear must show a "substantial nexus" between the conduct he complained of and the law he identifies as being violated.  Dzwonar, 828 A.2d at 901. Flear cannot do so here because the evidence shows that Flear was basing his complaints on standards that were higher than those imposed by law.  Flear has admitted that OSHA did not cite Garlock for items included in Flear's complaints.  The record also reflects that the citations Garlock did receive from OSHA were resolved and that the OSHA inspectors were complimentary to Flear and his colleagues.  Further, Flear also admitted

4

that items that he complained of were not illegal, but simply were not in accordance with Flear's view of best practices. Finally, Flear admitted that his perception of compliance with EHS standards was different from the compliance standards implemented by OSHA. As Flear himself admits, the items he complained of were not actually violations of the law or OSHA's regulations. Thus, he could not have had an objectively reasonable belief that Garlock was violating the law. The District Court was correct in concluding that Flear had not shown any issues of fact with regard to the first prong of his prima facie case.

The District Court also correctly concluded that there were no issues of fact as to the fourth prong of Flear's prima facie case. Flear did not show a connection between his "whistle-blowing" activity and his termination. The record clearly reflects that Flear did not follow the directions of his managers. When management requested that Flear provide documentation in support of his allegations, Flear refused to do so.

Further, there were failures in Flear's performance, unrelated to his complaints regarding EHS compliance. Flear failed to timely submit a report for which he was responsible and did not complete elements of Garlock's EHS program, which were his responsibility. As the District Court noted, there is no merit in Flear's argument that temporal proximity between his complaints and his termination establishes a sufficient connection. In fact, Flear was not terminated for two months after he notified management that he was contacting OSHA. Flear has demonstrated no issue of fact regarding the connection between his "whistle-blowing" activities and his termination.

5

Thus, we agree with the District Court's conclusion that Flear has not upheld his burden and that there is no issue of fact regarding his prima facie case.

### B.      Pretext

We also agree with the District Court's conclusion that, even if Flear had demonstrated a prima facie case, he has not shown that Garlock's reasons for termination were pretextual.  The record clearly reflects that Garlock had legitimate, nondiscriminatory reasons for terminating Flear.  As discussed above, Flear had ongoing problems with his superiors, including a failure to perform specific responsibilities of his position.  There are no inconsistencies or contradictions in the record regarding these failures.  Thus, the District Court was correct in concluding that Flear did not provide evidence that would allow a fact finder to infer that Garlock's reasons for terminating Flear were pretextual.

### III.    Conclusion

For the reasons stated above, we will affirm the District Court's grant of summary judgment for Garlock.